**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Joshua Conlan

   v.                                            Civil No. 17-cv-181-JL

Robert Hazlewood


**REPORT AND RECOMMENDATION ON DOCUMENT NOS. 1 & 7**

Joshua Conlan, while incarcerated at the Federal Correctional Institution in Berlin, New Hampshire, filed a petition for a writ of habeas corpus (Doc. No. 1), pursuant to 28 U.S.C. § 2241, challenging his 2013 criminal conviction and sentence in the Western District of Texas. This court's September 15, 2017 Report and Recommendation ("September 15 R&R") (Doc. No. 4) recommended dismissal of the § 2241 petition for lack of savings clause jurisdiction. Conlan then filed a "Motion to Reinstate Action Due to New Evidence" (Doc. No. 7), while the September 15 R&R remained pending. This court has construed Document No. 7, in part, to be a motion to reconsider the September 15 R&R, addressed to the undersigned magistrate judge. An Order issued this date withdraws the September 15 R&R, and this Report and Recommendation replaces it.

**Preliminary Review Standard**

Conlan's petition (Doc. No. 1) and the allegations in Document No. 7 which relate to Conlan's claims are before this court for preliminary review to determine whether the petition is facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); § 2254 Rule 1(b) (authorizing court to apply § 2254 Rules to § 2241 petitions); LR 4.3(d)(4)(A). Because Conlan is proceeding pro se, his pleadings are construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

**Background**

Conlan was convicted, in the Western District of Texas, of three counts of interstate stalking targeting a victim ("JMP") and her husband. See United States v. Conlan, No. 1:11-cr-00451-LY-1 (W.D. Tex.). The Fifth Circuit affirmed the conviction. See United States v. Conlan, 786 F.3d 380 (5th Cir. 2015). Conlan thereafter filed a motion pursuant to 28 U.S.C. § 2255 in his criminal case, which was denied. See Conlan v. United States, No. A-11-CR-451(1) LY, 2015 WL 8362905, at *5, 2015 U.S. Dist. LEXIS 163935, at *14 (W.D. Tex. Dec. 7, 2015)

2

(ECF No. 273), R&R approved, No. A-11-CR-451(1) LY, Order (W.D. Tex. May 17, 2016) (ECF No. 296) ("Order on § 2255 Motion").

In 2016, while incarcerated in a federal facility in Virginia, Conlan filed a § 2241 petition, challenging the same conviction at issue here. See Conlan v. Wilson, No. 16-cv-116-LO-MSN (E.D. Va.) ("Wilson"). In Wilson, as here, Conlan argued that evidence not presented to the jury, consisting of his JMP's February 2011 affidavit, see id., Protective Ord. Aff. (E.D. Va. filed Feb. 4, 2016) (ECF No. 1-1), stating that she had a dating relationship with petitioner, would have undermined her credibility and proved his actual innocence, if that evidence had been presented at trial. See id., Pet. and Mem. (E.D. Va. filed Feb. 4, 2016) (ECF Nos. 1, 2). The Eastern District of Virginia dismissed Conlan's § 2241 petition, after finding an absence of savings clause jurisdiction over the matter. See Wilson, Order (E.D. Va. Apr. 15, 2016) (ECF No. 6). The Fourth Circuit affirmed that decision. See 671 F. App'x 222, 2016 WL 7378388, 2016 U.S. App. LEXIS 22672 (4th Cir. Dec. 20, 2016) (per curiam).

Conlan also filed a post-verdict motion for a new trial in the Western District of Texas. That court denied the motion.

See Conlan v. United States, No. A-11-CR-451(1) LY, Order (W.D. Tex. Aug. 29, 2016) (ECF No. 307) ("August 29 Order"). The Fifth Circuit dismissed Conlan's appeal of the August 29 Order, and Conlan's petition for writ of certiorari to the Supreme Court was denied. See United States v. Conlan, 680 F. App'x 339, 340 (5th Cir. 2017) (per curiam), cert. denied, No. 17-5599, 2017 WL 3574305, 2017 U.S. LEXIS 4940, 86 U.S.L.W. 3156 (U.S. Oct. 2, 2017).

Liberally construed, the § 2241 petition filed in this court (Doc. No. 1) presents the same claims, relating to JMP's 2011 affidavit, previously raised in Conlan's motion for new trial in his criminal case, and asserted in the § 2241 petition in Wilson. Conlan has also challenged his conviction here and in Wilson, on the ground that it was based on JMP's false testimony relating to their relationship, and that Count 3 of the indictment did not allege two or more acts and was insufficient to charge Conlan with interstate stalking under 18 U.S.C. § 2261A.

In the instant "Motion to Reinstate Action Due to New Evidence" (Doc. No. 7), Conlan presents a set of documents, which he asserts constitute new evidence, supporting his actual

4

innocence claim. Conlan characterizes those documents as "Trial Transcripts, Police Reports, Affidavits, phone records, Administrative Remedy Gr[ie]vances, Internal Prison emails, as well as the Superseding Indictment." Doc. No. 7, at 1.

## Discussion

### I. Savings Clause Jurisdiction

In general, pursuant to 28 U.S.C. § 2255, the court in which a federal defendant was convicted and sentenced has exclusive jurisdiction over post-conviction proceedings challenging the validity of the conviction or sentence. Section 2255(e), known as the "savings clause," preserves a limited role for the court in the district of a federal inmate's incarceration to consider a § 2241 petition challenging the validity of the inmate's detention. See United States v. Barrett, 178 F.3d 34, 49 (1st Cir. 1999). The savings clause provides, in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained . . . unless it . . . appears that the remedy by motion [under § 2255] is <u>inadequate or ineffective to test the legality of his detention</u>.

28 U.S.C. § 2255(e) (emphasis added).

5

"[P]ost-conviction relief can be termed 'inadequate' or 'ineffective' only when, in a particular case, the configuration of section 2255 is such 'as to deny a convicted defendant <u>any</u> opportunity for judicial rectification.'" <u>Trenkler v. United States</u>, 536 F.3d 85, 99 (1st Cir. 2008) (citation omitted). While it has not articulated all of the circumstances under which a petitioner may access the savings clause, the First Circuit has noted that "[m]ost courts have required a credible allegation of actual innocence." <u>Id.</u>

## II. **Prior Opportunity for Judicial Rectification**

Conlan has not shown that because of the configuration of section 2255, he lacked a prior opportunity to obtain judicial review of his claims relating to the sufficiency of the indictment, JMP's alleged false testimony, and the 2011 affidavit. He raised claims relating to the 2011 affidavit in a motion for a new trial in his criminal case and appealed an adverse ruling on that motion to the Fifth Circuit, and in his § 2255 motion, he raised a claim that the same affidavit was proof of JMP's perjury along with a claim of ineffective assistance of counsel, based on trial counsel's failure to cross-examine JMP using that same affidavit. <u>See</u> August 29

6

Order, slip op. at 1-2 (denying motion for new trial), aff'd, 680 F. App'x 339, 340 (5th Cir. 2017) (per curiam), cert. denied, No. 17-5599, 2017 WL 3574305, 2017 U.S. LEXIS 4940, 86 U.S.L.W. 3156 (U.S. Oct. 2, 2017); see also Order on § 2255 Motion, 2015 WL 8362905, at *5, 2015 U.S. Dist. LEXIS 163935, at *14 (W.D. Tex. Dec. 7, 2015) (ECF No. 273), R&R approved, No. A-11-CR-451(1) LY, Order (W.D. Tex. May 17, 2016) (denial of § 2255 motion) (ECF No. 296). Conlan has not demonstrated that anything stood in the way of his raising his claims challenging the sufficiency of the indictment in his 2255 motion. Because Conlan had a prior opportunity for judicial review of those claims, he is unable to satisfy the prerequisites for invoking savings clause jurisdiction as to those claims. Trenkler, 536 F.3d at 99 (petitioner who had "multiple opportunities to challenge" sentences on "direct and collateral review" did not satisfy prerequisites for invoking savings clause jurisdiction).

III. **Abuse of the Writ**

"A § 2241 petition is considered to be abusive if it raises 'the same legal issue' addressed and resolved in a prior filing." Rich v. Tamez, 489 F. App'x 754, 754 (5th Cir. 2012). "A district court may raise the abuse-of-the-writ issue sua

7

sponte, as long as it gives the petitioner notice and an opportunity to respond." Graewe v. Warden Allenwood FCI, 691 F. App'x 61, 62 n.3 (3d Cir. 2017).

Conlan litigated all of the claims asserted in the § 2241 petition here in Wilson, and obtained a decision from that court dismissing that petition for lack of savings clause jurisdiction. Conlan points to no change in the law or new evidence that could constitute cause and prejudice that might allow him to relitigate the availability of the savings clause as to the same claims asserted here and in Wilson. Conlan is barred from relitigating whether the claims asserted both in Wilson and here allow the court in the judicial district of incarceration to exercise savings clause jurisdiction. Accordingly, Conlan's claims relating to the sufficiency of the indictment, the 2011 witness affidavit, and the use of JMP's allegedly false testimony are properly dismissed under the abuse of the writ doctrine.

## IV. **Actual Innocence**

### A. Standard

Conlan seeks to proceed in this matter by asserting claims of actual innocence. Cf. Trenkler, 536 F.3d at 99 (most courts

8

assessing whether to exercise savings clause jurisdiction, "have required a credible allegation of actual innocence"). "[A]ctual innocence" in this context, "means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). "To succeed on his actual innocence claim, [petitioner] 'must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt,'" if that evidence had been known at the time of the conviction. Gaskins v. Duval, 640 F.3d 443, 454 (1st Cir. 2011) (citations omitted); see also McQuiggin v. Perkins, 133 S. Ct. 1924, 1933 (2013).

    B.   JMP's Affidavits

Both the Western District of Texas, in denying Conlan's motion for a new trial, and the Fifth Circuit, in dismissing Conlan's appeal of the order denying his new trial motion,

9

specifically found that Conlan's actual innocence claim based on the JMP's 2011 affidavit was frivolous.  See August 29 Order, slip op. at 1 ("Conlan's motion is frivolous. . . . This affidavit would have had absolutely no effect on the jury's verdict."), aff'd, 680 F. App'x 339, 340 (5th Cir. 2017) (Conlan's actual innocence claim "is thoroughly refuted by the entire body of trial evidence and is thus so devoid of arguable merit as to be frivolous"), cert. denied, No. 17-5599, 2017 WL 3574305, 2017 U.S. LEXIS 4940, 86 U.S.L.W. 3156 (U.S. Oct. 2, 2017).

In an effort to differentiate his actual innocence claim here from those claims litigated and lost in the Western District of Texas and Fifth Circuit, Conlan has filed a portion of a state court "Protective Order Affidavit" which he asserts JMP executed in 2017, in which she describes their relationship as one in which they "formerly dated."  Doc. No. 7, at 49.  That description of the relationship, however, is entirely consistent with and cumulative of JMP's trial testimony, see Doc. No. 7, at 50 ("[w]e dated briefly," and "then we stopped dating").  As such, the 2017 affidavit is not "new" evidence, not presented at trial, Schlup, 513 U.S. at 324, upon which a credible claim of

actual innocence may be based.  Accordingly, Conlan's actual innocence claim, based on JMP's affidavits, does not provide grounds for this court to exercise savings clause jurisdiction.

    C.   <u>Alleged False Testimony as to Phone and Car</u>

The remaining evidence cited in support of Conlan's actual innocence claim in Document No. 7 consists of: (1) a response to Griffin's grievance as to why the Bureau of Prisons blocked his access to a cell phone number that had belonged to the JMP, which both JMP and her husband testified at trial had been changed to put a stop to Conlan's communications; (2) evidence that a post-trial search undertaken via a third party website ("USPhoneBooks") yielded a result still associating JMP with that cell phone number; and (3) a 2011 police report that includes details regarding the husband's description of his view of Conlan's car that is not completely consistent with that witness's trial testimony.

It is "well-established" that, in general, impeachment evidence is inadequate to establish actual innocence. <u>Holt v. Stirling</u>, No. CV 6:15-4865-TMC, 2017 U.S. Dist. LEXIS 42904, at *10, 2017 WL 1105064, at *4 (D.S.C. Mar. 24, 2017) (citing cases including <u>Sawyer v. Whitley</u>, 505 U.S. 333, 349 (1992) ("latter-

day evidence brought forward to impeach a prosecution witness will seldom, if ever, make a clear and convincing showing that no reasonable juror would have believed the heart of [the witness's] account of petitioner's actions")). Conlan's claims rest on his assertion that, had the jury in his criminal case heard the "new" evidence, the credibility of necessary testimony in the case would have been undermined. The evidence at issue could cast doubt on whether JMP changed her cell number, and on the husband's testimony regarding seeing Conlan's car. Such evidence, however, would not preclude a reasonable juror from finding Conlan's guilt as to each element of the interstate stalking charges at issue,[1] and is not the type of new, reliable, "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence," which may establish factual innocence. Schlup, 513 U.S. at 324. Nothing before this court suggests that Conlan has a credible claim of actual innocence that might warrant an exercise of savings clause

---

[1]The evidence in Conlan's case included "copious" records of emails and phone calls from Conlan to JMP, testimony regarding the nature of Conlan's communications and his failure to heed multiple warnings to stop, and evidence that Conlan drove his car bearing a gun and a riot stick from his home in Missouri to where the victim lived in Texas. See United States v. Conlan, 786 F.3d 380, 384, 385 & n.3 (5th Cir. 2015).

jurisdiction.

## **Conclusion**

For the foregoing reasons, the district judge should dismiss Conlan's § 2241 petition (Doc. No. 1) for lack of subject matter jurisdiction, and should deny Conlan's request in Document No. 7 for an Order allowing the § 2241 petition to proceed. Any objections to this "Report and Recommendation on Document Nos. 1 & 7" must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to this Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

November 7, 2017

cc: Joshua Conlan, pro se
    Seth R. Aframe, Esq.